UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE SHANNON JR., | ) |
| Plaintiff, | ) Case No.   2:24-cv-2010 |
| v. | ) |
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, and TIMOTHY KILLEEN in his official capacity, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendants, The Board of Trustees of the University of Illinois and Timothy Killeen, by and through their attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action from the Circuit Court of the Sixth Judicial Circuit, Champaign County, State of Illinois to the United States District Court for the Central District of Illinois. In support of removal, Defendants state as follows:

**I.   NATURE OF THE ACTION**

1. On January 8, 2024, Plaintiff commenced this action in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois (Case No. 2024CH000001). Plaintiff's Verified Complaint for Injunctive Relief ("Complaint") in the state court action is attached hereto as Exhibit A.[1]

2. In his Complaint, Plaintiff, who was recently charged with a criminal offense, alleges seven legal claims against Defendants, all of them relating to Plaintiff's suspension from the University's Men's Basketball Team after Plaintiff was criminally charged. These claims include a federal due

---

[1] Plaintiff contemporaneously filed a Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Expedited Discovery, which is attached hereto as Exhibit B.

process claim under 28 U.S.C. §1983 (Count VI) and declaratory judgment claims concerning the application and effect of the federal Title IX statute (Counts I and V) on Plaintiff's suspension.

## II. DEFENDANTS' REMOVAL IS TIMELY

3. Defendants have not yet been formally served but received a copy of the Complaint from Plaintiff's counsel on January 8, 2024. Thus, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

## III. BASES FOR REMOVAL

4. Pursuant to 28 U.S.C. §1331, removal is proper because Plaintiff, in Count VI of the Complaint, asserts a federal due process claim under 28 U.S.C. §1983.

5. Not only is there federal question jurisdiction based on Plaintiff's federal due process claims, but federal question subject matter jurisdiction is proper because the crux of Plaintiff's claims depends on a federal statute, Title IX of the Education Amendments of 1972. One district court explained that "[a] case may 'arise under' federal law where the well-pleaded complaint reveals that the 'vindication of a right under state law necessarily turn[s] on some construction of federal law." *Cannon v. Loyola Univ. of Chi.*, 609 F. Supp. 1010, 1014 (N.D. Ill. 1985), *aff'd* 784 F.2d 777 (7th Cir. 1986). "Even when state law creates the cause of action, a case arises under federal law when the state-law claim implicates significant federal issues or depends on resolution of a substantial question of federal law." Similarly, the Seventh Circuit has held that "in declaratory judgment cases, the well-pleaded complaint rule dictates that jurisdiction is determined by whether federal question jurisdiction would exist over the presumed suit by the declaratory judgment defendant." *Samuel C. Johnson 1988 Trust v. Bayfield County*, 649 F.3d 799, 801 (7th Cir. 2011); *see also Evergreen Square of Cudahy v. Wisconsin Housing & Economic Development Authority*, 776 F.3d 463, 466 (7th Cir. 2015) ("federal jurisdiction over a state law claim will lie if a federal

issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."). Here, Plaintiff's Complaint references Title IX repeatedly and expressly seeks a declaration about Title IX rights and procedures in Count I, titled "Injunctive and Declaratory Relief: Title IX," thus indicating just how essential Title IX is to his claims. Because the Complaint requires an interpretation of Title IX, federal question subject matter jurisdiction is proper.

## IV.  VENUE AND NOTICE

6. The United States District Court for the Central District of Illinois is the appropriate venue for removal of this action pursuant to 28 U.S.C. §1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending. This action was filed in Champaign County, Illinois, within this Judicial District.

7. Pursuant to 28 U.S.C. §1446(a), the Complaint (attached hereto as Exhibit A) and Plaintiff's Verified Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Expedited Discovery (attached hereto as Exhibit B), which constitute all "process, pleadings, and orders" received to date by Defendants, are attached to this Notice of Removal.

8. Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal is being promptly sent to Plaintiffs' counsel (by email), and promptly filed with the Clerk of the Court for the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois.

9. Defendants submit this Notice of Removal without waiving any defenses to the claim asserted by Plaintiff, without conceding liability, fault, damages or that Plaintiff has pleaded a

claim upon which relief can be granted, and expressly preserving all positions on immunity, liability, relief sought, and any legal or other issues.

WHEREFORE, Defendants hereby remove Case No. 2024CH000001, now pending in the Circuit Court for the Sixth Judicial Circuit, Champaign County, Illinois to the United States District Court for the Central District of Illinois.

Dated: January 8, 2024

THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS and TIMOTHY KILLEEN

By: /s/ *Peter Land*
   One of Their Attorneys

Peter Land (#6229659)
Gwen Morales (#6297233)
Mary DeWeese (#6326812)
Katherine Tierney (#6342902)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500
peter.land@huschblackwell.com
gwendolyn.morales@huschblackwell.com
mary.deweese@huschblackwell.com
katherine.tierney@huschblackwell.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2024, the foregoing **Notice of Removal** was sent via electronic mail and on the 9th day of January, 2024 will also be sent by first-class U.S. Mail, postage prepaid, to the following attorneys representing the Plaintiff in the state court action:

Robert H. Lang
Zoe S. Spector
Thompson Coburn LLP
55 East Monroe Street, 37th Fl.
Chicago, IL 60603
rhlang@thompsoncoburn.com

J. Steven Beckett
Steve Beckett Law Office LLC
508 S. Broadway Avenue
Urbana, IL 61801
steve@stevebeckettllc.com

Mark C. Goldenberg
Thomas C. Horscroft
Goldenberg Heller & Antognoli, P.C.
2227 South State Route 157
Edwardsville, IL 62025
mark@ghalaw.com

Mark Sutter
Sutter Law Group, LLC
One Lincoln Centre
18w140 Butterfield Road, Suite 1500
Oakbrook Terrace, IL 60181
msutter@sutterlawgroup.com

/s/ *Peter Land*